IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**TRENTON R. MCCRAY**                                                           **PLAINTIFF**

**V.**                                                  **CAUSE NO. 4:25-CV-00131-JMV**

**WARDEN BRANDON SMITH, et al.**                                **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the *pro se* prisoner complaint of Trenton R. McCray, who challenges the conditions of his confinement under 42 U.S.C. § 1983. Upon due consideration of his allegations and the applicable authority, the Court finds that McCray's claims should be dismissed for failure to state a claim upon which relief can be granted.

## Screening Standards

Because McCray has been permitted to proceed *in forma pauperis* in this action,[1] his claims are subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2).[2] Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that would be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (citation omitted); *see Bell Atlantic Corp. v.*

---

[1]*See* Doc. # 5.
[2]*See also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).

*Twombly*, 550 U.S. 544, 570 (2007) (complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Plaintiff's Allegations and Procedural History

McCray, an inmate in the custody of the Mississippi Department of Corrections ("MDOC") is currently housed at the Carroll County Correctional Facility ("CCCF") located in Vaiden, Mississippi. In the instant matter, McCray complains about a Rule Violation Report ("RVR") and related disciplinary hearing in which he was found guilty of "physical action against another person" and received punishment in the form of one month loss of telephone and visitation privileges. McCray primarily takes issue with the RVR reflecting that the incident occurred in 2024, when it actually occurred in 2025.

McCray names CCCF Warden Brandon Smith, Corporal Francesca Foreman, Investigator Deadre Mitchell, and Lieutenant Jeff Storey as Defendants in this action. By way of relief, McCray requests that the RVR be dismissed and that he be reconsidered for parole. On September 9, 2025, the Court entered an Order directing McCray to show cause why his claims should not be dismissed with prejudice for failure to state a claim upon which relief can be granted. Doc. #9. McCray failed to respond to the Order and the time for doing so has passed; he did, however, confirm receipt of the Order by signing and returning an Acknowledgment of Receipt. Doc. # 10.

## Due Process

To maintain a procedural due process claim, McCray must show that the RVR at issue either: (1) affected or "will inevitably affect the duration of his sentence;" or (2) imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 545 U.S. 472, 484, 487 (1995). After having been found guilty of the RVR at issue, McCray was punished with a one-month loss of telephone and visitation privileges. *See* Doc. # 1 at 16. The deprivation of telephone and visitation privileges certainly does not affect the duration of McCray's

sentence, nor does it cause an atypical or significant hardship. *See Watkins v. Lnu*, 547 F. App'x 409, 410 (5th Cir. 2013) (holding three-month loss of commissary, visitation, and telephone privileges did not implicate a liberty interest); *see also Cline v. Vasquez*, 2014 WL 5363885, at *2 (E.D. Tex. Oct. 21, 2014) (holding petitioner's claim concerning disciplinary segregation and the loss of email, phone and visitation privileges for 180 days do not implicate due process concerns); *Frechou v. King*, 2014 WL 172079, at *2 (S.D. Miss. Jan. 15, 2014) (holding plaintiff failed to assert a cognizable constitutional violation by losing prison privileges for 180 days). Moreover, the Supreme Court has held that prison visitation is not an independent right protected by the Due Process Cause. *Ky. Dep't of Corrs. V. Thompson*, 490 U.S. 454, 461 (1989) (rejected on other grounds by *Sandin*, 515 U.S. at 482). The Fifth Circuit Court of Appeals likewise has held that prisoners do not have a liberty interest in visitation. *E.g., Watkins*, 547 F. App'x at 410.

Notably, McCray *seemingly* does not take issue with the punishment imposed. Rather, his sole, repeated, contention is that the RVR reflects that an incorrect date (year) of the incident. An inmate does not have a constitutional right to be free from being charged with a disciplinary infraction, even if the report of the offense is untrue. *See Weathington v. Clark*, 2018 WL 1189400 at *3 (N.D. Miss. Mar. 7, 2018); *see also Brown v. LeBlanc*, 2013 WL 1947180, at *6 (W.D. La. Mar. 27, 2013), *report and recommendation adopted*, 2013 WL 1947174 (W.D. La. May 9, 2013) (collecting cases). McCray's allegations do not indicate that the charged offense is untrue—but merely a typographical error as to the date. This, at most, amounts to negligence; mere negligent conduct by prison officials, without more, does *not* rise to the level of a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 330 (1986); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). And to the extent that McCray believes defendants failed to follow MDOC policy and procedures in handling the RVR, such conduct likewise does *not* rise to the level of a constitutional violation. *See Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (holding that the mere failure of a prison official to follow the prison's

own regulation or policy does not amount to a constitutional violation); *see also Scheidel v. Sec'y of Pub. Safety & Corr.*, 561 F. App'x 426, 427 (5th Cir. 2014) (citations omitted).

In sum, McCray's allegations related to the RVR fail to state a constitutional claim and will be dismissed for failure to state a claim upon which relief can be granted.

### No Constitutional Rights Derived from Mississippi's Parole Statutes

In his prayer for relief, McCray requests that he be reconsidered for parole eligibilty. To the extent that his claims are based upon a violation of Mississippi's parole statutes, they will be dismissed because a violation of state law does not, alone, give rise to an action under § 1983. *Williams v. Treen*, 671 F.2d 892, 900 (5th Cir. 1982).

Parole eligibility is a matter of state law as there is no recognized right to parole under federal law. *See Greenholz v. Inmates of Nebraska Penal and Corr. Complex*, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence."). A state can, however, create a liberty interest protected by the Due Process Clause when it has a system of *mandatory* parole. *Wansley v. Mississippi Dept. of Corrs.*, 769 F.3d 309, 312 (5th Cir. 2014) (emphasis added). Both the Mississippi Supreme Court and the Fifth Circuit Court of Appeals have held that Mississippi's permissive parole statutes do not create such a liberty interest, "and federal due process rights are not implicated by the denial of parole and the procedures by which parole is denied." *Smith v. Mississippi Parole Bd.*, 478 F. App'x 97, 99 (5th Cir. 2012); *see also Scales v. Mississippi State Parole Bd.*, 831 F.2d 565, 566 (5th Cir. 1987)(citing *Irving v. Thigpen*, 732 F.2d 1215, 1217-1218 (5th Cir. 1984) (holding "the Mississippi [parole] statute does not create any constitutionally protected liberty interest in parole to which procedural due process considerations attach"); *Davis v. State*, 429 So. 2d 262, 263 (Miss. 1983) (holding that the Mississippi parole law provides only "a mere hope that the benefit will be obtained"); Miss. Code

Ann. § 47-7-1, *et seq.* Because McCray has no constitutionally recognized right to parole, any claim regarding his eligibility for parole under § 1983 must fail.

## Conclusion

Based on the foregoing discussion, the Court finds that McCray has failed to state a cognizable constitutional claim. Accordingly, the Court finds that this action should be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted. This dismissal counts as a "strike" under 28 U.S.C. § 1915(g). McCray is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is in imminent danger of some physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

**SO ORDERED**, this the 15th day of October, 2025.

/s/ Jane Virden
UNITED STATES MAGISTRATE JUDGE

5